## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## Wheeling

**BRANDON RUSSELL WARREN,**

        Plaintiff,

v.                                              **Civil Action No. 5:24-CV-185**
                                                          Judge Bailey

**DIDYMUS TATE, LT. JANE DOE,
JOSEPH R. KINSER, OFFICER RICE,
TARA MOON, OFFICER BOOTHE,
OFFICER PEREZ,** and **LARRY PETTE,**

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On September 12, 2024, the plaintiff, a state pre-trial detainee, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that Claims Five, Seven, Nine, and Ten be dismissed and that the defendants be directed to answer the remaining claims.

### II. The Complaint

The facts alleged in the Complaint occurred while plaintiff was a pretrial detainee housed at the Eastern Regional Jail and Corrections Facility in Martinsburg, West

Virginia.[1]  Plaintiff's Complaint includes ten claims.  First, plaintiff asserts a claim that defendants Rice, Boothe and Superintendent Tate were deliberately indifferent to his safety and failed to protect him by "hous[ing] me in a pod known for assaulting inmates with sex charges" and that, as a result, he was assaulted by three inmates in his cell. [Doc. 1 at 14].  In an attachment, plaintiff alleges that he was not placed in protective custody despite multiple requests, that the involved inmates knew his name and charges, that guards ignored emergency buttons during an assault, and that another inmate told him guards had given them this information and told them "they wouldn't get in trouble for it." [Id. 1 at 10].  Second, he alleges defendant Moon was deliberately indifferent to severe head trauma, including leaving plaintiff unattended for two days as symptoms worsened. [Id. at 14].  Third, plaintiff asserts an Eighth Amendment claim for denial of bathroom facilities, alleging that he was kept in an interview room with no bathroom and forced to use a drinking cup to urinate for two days. [Id.].  Fourth, he alleges his due process rights were violated by defendants Kinser, apparently the prosecuting attorney in plaintiff's criminal case, and Superintendent Tate, who he alleges conspired to place him in administrative segregation for approximately two months.  [Id.].  Fifth, he alleges defendant Kinser refused to press charges on plaintiff's attackers.  [Id.].  Sixth, he alleges that the decision to keep him in solitary confinement for two months was in retaliation for a phone call plaintiff's mother made to the jail.  [Id. at 15].  Seventh, he alleges his First Amendment rights were violated when defendants Rice, Boothe, and Jane Doe refused to file multiple grievances plaintiff gave them.  [Id.].  Eighth, plaintiff alleges that Officer

---

[1] Although plaintiff does not include his status as a pretrial detainee in the Complaint, the undersigned notes that the West Virginia Division of Corrections and Rehabilitation website lists him as a pretrial felon facing charges in Berkely County, West Virginia.

Boothe, at the direction of Superintendent Tate, intentionally waited to take plaintiff's photograph until after the assault by other inmates so that the photograph would show him beaten up in order to humiliate plaintiff by using the photograph on his ID card and the jail website. [Id.]. Ninth, plaintiff alleges Officer Perez caused him mental anguish by attempting to place him back in the housing unit in which he was assaulted. [Id. at 16]. Finally, plaintiff alleges his First Amendment rights were violated because Larry Pette refused to intervene to prevent the obstruction of his grievance process. [Id.].

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which

---

[2] *Id.* at 327.

the plaintiff has little or no chance of success. See **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

## IV. Discussion

Based on a preliminary review of the Complaint, the undersigned finds that summary dismissal of several of plaintiff's claims is not appropriate at this time and the defendants should be directed to answer. However, an initial review shows that Claims Five, Seven, Nine, and Ten should be dismissed.

**A.   Claim Five should be dismissed because plaintiff has no right to compel a prosecutor to bring charges against another.**

In Claim Five, plaintiff alleges his that 14th Amendment right to equal protection was violated by defendant Kinser's refusal to bring criminal charges against plaintiff's attackers. Plaintiff has no right to compel a prosecutor to bring charges against another person, and this claim should be dismissed as frivolous. "No citizen has an enforceable right to institute a criminal prosecution." **Lopez v. Robinson**, 914 F.2d 486, 494 (4th Cir. 1990) (citing **Linda R.S. v. Richard D.**, 410 U.S. 614, 619 (1973) ("in American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, defendant Kinser would enjoy absolute immunity from such a claim. A prosecutor is absolutely immune from § 1983 suits for damages for acts taken within the scope of his prosecutorial duties, including "whether and when to prosecute." **Imbler v. Pachtman**, 424 U.S. 409, 420, n. 33 (1976).

**B.   Claims Seven and Ten should be dismissed because plaintiff has no constitutional right to grievance procedures.**

In Claims Seven and Ten, plaintiff alleges his First Amendment rights were violated because he was denied access to the grievance process in the facility. Plaintiff alleges

4

that he turned in multiple grievances to defendants Rice, Boothe, and Jane Doe, but none of his grievances were filed. [Doc. 1 at 15]. He alleges he rewrote the grievances and sent them to Charleston to be filed, but that he has received no response from the Superintendent level. [Id.]. Similarly, in Claim 10, plaintiff alleges that he made multiple phone calls and sent letters and emails to defendant Pette, who "refused to take any action upon Superintendent Tate to get ERJ to comply and stop obstructing my grievance process." [Id. at 16]. "[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." **Adams v. Rice**, 40 F.3d 72, 75 (4th Cir. 1994) (citations omitted). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process, for example." **Booker v. S.C. Dep't of Corr.**, 855 F.3d 533, 541 (4th Cir. 2017). The undersigned finds that this claim does not state a claim upon which relief can be granted and should be denied.

**C.    Claim Nine should be dismissed because the alleged conduct does not rise to the level of a constitutional violation.**

In Claim Nine, plaintiff alleges Officer Perez violated plaintiff's Eighth Amendment rights by leading plaintiff down a hallway in an attempt to place plaintiff back in the unit in which he was assaulted. [Doc. 1 at 16]. Although Perez did **not** place plaintiff in the unit after "the captain on shift radioed him to bring [plaintiff] back to the interview room," plaintiff asserts this event caused him mental anguish. [Id.]. Insofar as plaintiff frames his claim as one brought under the Eighth Amendment, he has failed to allege such a claim, which requires that the official acted with a sufficiently culpable state of mind and that the deprivation or injury was sufficiently serious. **Iko v. Shreve**, 535 F.3d 225, 238 (4th Cir. 2008). Plaintiff has clearly not alleged the subjective component of a "sufficiently culpable state of mind" here. However, this Court has a duty to liberally construe filings

5

by *pro se* litigants. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). This can include recharacterizing a motion to create a better correspondence between the claim and its legal basis. **Castro v. United States**, 540 U.S. 375, 381 (2003). Here, plaintiff is a pretrial detainee, and "pretrial detainees (unlike convicted prisoners) cannot be punished at all." **Kingsley v. Hendrickson**, 576 U.S. 389, 400 (2015).

Nonetheless, plaintiff's claim does not rise to the level of a constitutional violation. Plaintiff's claim is that he was led down a hallway toward the unit where he was previously assaulted, but not ultimately placed there, causing him mental anguish. Even assuming, *arguendo*, that Officer Perez's actions were done with the intent of threatening plaintiff, such threats, alone, do not give rise to a constitutional violation. *See, e.g.,* **Henslee v. Lewis**, 153 F. App'x 178, 180 (4th Cir. 2005) (unpublished) (per curiam) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983.") (citing **Collins v. Cundy**, 603 F.2d 825, 827 (10th Cir. 1979)).

### V. Recommendation

For the foregoing reasons, the undersigned recommends that:

1. claims Five, Seven, Nine, and Ten of the Complaint be **DISMISSED**, and, accordingly, defendants Lt. Jane Doe, Officer Perez, and Larry Pette be dismissed from this case;

2. the plaintiff's remaining claims proceed and that the remaining defendants be served with a copy of the summons and Complaint through the United States Marshal Service.

The plaintiff shall have **fourteen days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written**

**objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is further **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** October 2, 2024.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE