**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**BRANDON RUSSELL WARREN,**

Plaintiff,

v.

**CIV. ACT. NO. 5:24-CV-185**
Judge Bailey

**DIDYMUS TATE, LT. JANE DOE,
JOSEPH R. KINSER, OFFICER RICE,
TARA MOON, OFFICER BOOTHE,
OFFICER PEREZ,** and **LARRY PETTE,**

Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 8].  Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R").  Magistrate Judge Mazzone filed his R&R on October 2, 2024, wherein he recommends that plaintiff's claims Five, Seven, Nine, and Ten be dismissed, defendants Lt. Jane Doe, Officer Perez, and Larry Pette be dismissed from this case, plaintiff's remaining claims proceed, and that the remaining defendants be served with a copy of the summons and Complaint through the United States Marshall Service. [Doc. 8 at 6].  For the reasons that follow, this Court will adopt the R&R.

1

## I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Plaintiff filed Plaintiff Brandon Warren's Written Objections to the Court's Report and Recommendation (herinafter the "Objections") to the R&R on October

---

[1]This Court fully adopts and incorporates herein the "Background" and "The Complaint" sections of the R&R. *See* [Doc. 8 at 1–3].

2

29, 2024.  *See* [Doc. 10].  Accordingly, this Court will review the portions of the R&R to which objections were filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

Plaintiff objects to the recommended dismissals of claims five, seven, nine, and ten in the R&R, arguing the opposite position of each of Magistrate Judge Mazzone's recommendations. [Doc. 10].

Plaintiff states in his Complaint that Claim Five (5) is based on the "14th Amendment and Equal Protection." [Doc 1 at 14]. Specifically, he states, "Joseph Kinser refused to press charges on my attackers despite the incident being documented, recorded, defendants being in custody, and defendants admitting to the act." [Id.].

Magistrate Judge Mazzone's R&R states that relating to Claim Five (5), "plaintiff has no right to compel a prosecutor to bring charges against another." [Doc. 8 at 4]. Magistrate Judge Mazzone further expounds, "[a] prosecutor is absolutely immune from § 1983 suits for damages for acts taken within the scope of his prosecutorial duties, including 'whether and when to prosecute.'" [Doc. 8 at 4 (quoting ***Imbler v. Pachtman***, 424 U.S. 409, 420, n. 33 (1976))].

Plaintiff's Objections state that his claim was intended to be taken as a violation of the Fourteenth Amendment based on "the Facility Staff and Mr. Kinser working together to ensure the attackers that 'they wouldn't get in trouble for [the attack].'" [Doc. 10 at 3]. He contends those acts are "not covered under prosecutorial immunity." [Id. at 5].

This Court agrees with the recommendation by Magistrate Judge Mazzone, and notes that although plaintiff's Objections may argue for a different interpretation of the Claim, the language and necessary interpretation of Claim Five is very clear.  Plaintiff alleges in his Complaint that Joseph Kinser refused to press charges, but plaintiff does not have a right to compel a prosecutor to bring charges against another person.

Plaintiff's Claims Seven and Ten assert First Amendment and "Denial of Grievance Process" issues. [Doc. 1 at 15]. Plaintiff states in his Claim Seven, "I turned in multiple grievances in to Officer's [sic] Rice, Boothe, and Lt. 'Jane Doe,' none of which were filed. I eventually had to re-write them and send them to Charleston in order to get them filed and to-date, despite my multiple attempts, have yet to get a response from the Superintendant [sic] level." [Id.]. He further states in his Claim Ten, "Larry Pette, the Director of inmate grievances refused to take any action upon Superintendant [sic] Tate to get ERJ to comply and stop obstructing my grievance process." [Id. at 16].

Magistrate Judge Mazzone's R&R states,  "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." [Doc. 8 at 5 (citing **Adams v. Rice**, 40 F.3d 72, 75 (4th Cir. 1994))].  That lack of entitlement thereby eliminates the possibility of the plaintiff bringing a § 1983 claim for a denial of a grievance process. [Id.].

Plaintiff argues in his Objections that his claims should be interpreted differently, and argues for a First Amendment "right to petition the government for redress of grievances" interpretation to his claims. [Doc. 10 at 6].  He continues, "the defendant's intentional obstruction of said grievance system violated plaintiff's First, Fifth, and Fourteenth Amendment rights." [Id. at 8].

4

This Court agrees with Magistrate Judge Mazzone's recommendation pertaining to Claim Seven and Claim Ten based on the lack of plaintiff's constitutional entitlement to grievance procedures when those grievance procedures are voluntarily established by a state. Because plaintiff's claims are based on voluntarily established state procedures, he may not file a § 1983 claim alleging a denial of that grievance process. [Doc. 8 at 5 (citing ***Booker v. S.C. Dep't of Corr.***, 855 F.3d 533, 541 (4th Cir. 2017))].

Plaintiff's Claim Nine alleges violation of the Eighth Amendment and "Mental Anguish." [Doc. 1 at 16]. Specifically, plaintiff asserts, "[O]fficer Perez took me down the hall and attempted to place me back into A-5, the section I was just assaulted in, despite my contestments [sic] and informing him that I was on med watch." [Id.].

Magistrate Judge Mazzone, in his R&R, states that this "alleged conduct does not rise to the level of a constitutional violation." [Doc. 8 at 5]. Even construing the Complaint liberally, as is necessary for *pro se* plaintiffs, Magistrate Judge Mazzone states that plaintiff's claim merely alleges the threat of being placed in a hallway where he was previously assaulted and thus does not allege conduct that rises to a constitutional violation. [Doc. 8 at 6 (citing ***Henslee v. Lewis***, 153 Fed.App'x. 178, 180 (4th Cir. 2005) (unpublished) (per curiam))].

Plaintiff disagrees in his Objections, stating this was an "attempt by Officer Perez to cause physical and mental anguish upon the plaintiff" and thus was serious enough to rise to the level of a constitutional violation. [Doc. 10 at 9–11].

This Court agrees with Magistrate Judge Mazzone's recommendation for dismissal of Claim Nine as the alleged conduct does not rise to the level of a constitutional violation. Plaintiff alleges that the officer attempted to place him back in the unit that he was

assaulted in but did not actually place him there. [Id.]. As Magistrate Judge Mazzone notes, the threat in this case does not state a cognizable claim under § 1983. *See* [Doc. 8 at 6]. Insofar as this Court can consider plaintiff's most recent filing as Objections, those Objections are **OVERRULED**.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 8**] is **ADOPTED** for the reasons more fully stated in the magistrate judge's report. Plaintiff's claims Five, Seven, Nine, and Ten are **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED TO STRIKE** defendants Lt. Jane Doe, Officer Perez, and Larry Pette from the above-styled case. The remaining claims will proceed.

Accordingly, the Clerk is directed to forward a copy of this Order, a copy of the Complaint, a completed summons and a completed Marshal 285 Form for defendants Didymus Tate, Joseph R. Kinser, Officer Rice, Tara Moon, and Officer Boothe to the United States Marshal Service. The Marshal Service shall serve each of these defendants within sixty (60) days from the date of this Order.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: October 31, 2024.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE